**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CYNTHIA LONGORIA,

Plaintiff,

v. Case No. 3:25-cv-796-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Cynthia Longoria ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of anxiety, issues with her left hand, and substance abuse. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed September 12, 2025, at 66, 75, 280. Plaintiff protectively filed an application for SSI on November 8, 2021, alleging a disability onset date of

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

January 5, 2020. Tr. at 229-35.[2] Later, the alleged disability onset date was amended to November 8, 2021. Tr. at 50-51. The application was denied initially, Tr. at 66-73, 74, 92-95, and upon reconsideration, Tr. at 75-82, 84, 104-06.[3]

On August 29, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.[4] Tr. at 41-65. On October 17, 2024, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 17-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 226-28 (request for review and cover letter), 381 (brief). On May 27, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On July 14, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] Although actually filed on December 6, 2021, see Tr. at 229, the protective filing date is listed in the administrative transcript as November 8, 2021, see Tr. at 66, 75.

[3] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 43, 176-77, 214.

Plaintiff on appeal argues the ALJ erred in failing to address Plaintiff's complaints of frequent urination. Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (Doc. No. 22; "Pl.'s Mem."[5]), filed January 9, 2026, at 3. On April 3, 2026, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") addressing Plaintiff's argument.[6] After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[5] In this district, social security disability appeals are decided on briefing, rather than motion practice. So, Plaintiff's Motion for Summary Judgment is construed as Plaintiff's Memorandum.

[6] Defendant's Memorandum does not contain page numbers. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-28. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 8, 2021, the application date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: soft tissue swelling of the left hand (not otherwise specified); peripheral neuropathy; anxiety disorder; and depressive disorder." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c) except that she can frequently

> handle and finger with the left-upper extremity; understand, remember, and carry out detailed, but not complex instructions; and maintain attention and concentration for two-hour increments.

Tr. at 22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 27 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("33 years old . . . on the date the application was filed"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27 (emphasis and citation omitted), such as "Wharf Worker," "Patient Transporter," "Fish Egg Packer," "Housekeeping Cleaner," "Bottling Line Attendant," and "Bagger," Tr. at 28 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since November 8, 2021, the date the application was filed." Tr. at 28 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.

2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to address her claim of frequent urination that occurs because of poorly controlled diabetes. Pl.'s Mem. at 3-4. Responding, Defendant contends the ALJ properly considered all of Plaintiff's

impairments, including the diabetes and corresponding claim of frequent urination. Def.'s Mem. at 4-7.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); see also Malak v. Comm'r of Soc. Sec., 131 F.4th 1280, 1287 (11th Cir. 2025). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional

> limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Malak, 131 F.4th at 1287; Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990)

(stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff during the hearing testified she experiences frequent urination, specifically six to seven times per day. Tr. at 54-55. The VE testified that if an individual were to have to use the restroom "six to seven times per day" which would be "three to four additional five-minute restroom breaks" beyond those customarily permitted, "it would be work preclusive in all positions" because the person "would be off task for 10 percent or more per workday." Tr. at 63.

In the Decision, the ALJ summarized Plaintiff's testimony about how she is affected by her impairments, including her allegation that she "could lift 50 pounds and stand for eight hours per day, other than when she had to use the bathroom." Tr. at 23 (referring to Tr. at 54). The ALJ also specifically recognized Plaintiff's medical condition of "diabetes mellitus," finding that this condition and others are not severe impairments because they are "controllable with treatment," and/or did not meet the duration requirement, caused no work-related limitations, or caused no interference with functioning. Tr. at 19.

The ALJ found generally that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting

effects of these symptoms are not entirely consistent with the medical and other evidence in the record." Tr. at 23. In so finding, the ALJ considered the evidence of record, including the various opinions on Plaintiff's functioning. Tr. at 22-27. Included in the ALJ's general findings and analysis that Plaintiff's statements are inconsistent with the evidence was an implicit rejection of her testimony about how often she has to urinate. Having rejected such testimony, the ALJ was not obligated to include such a limitation in the RFC. Ultimately, the ALJ assigned an RFC that does not include Plaintiff's allegation of frequent urination, Tr. at 22, and the RFC is supported by substantial evidence in the record.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 28, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record